# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FT. MYERS DIVISION

**ISAAC CASTRO, and MISADAY MANIERO,**

        **Plaintiffs,**

-vs-                                        Case No.  2:08-cv-134-FtM-99DNF

**NEWPORT BAY CORPORATION, a Florida corporation,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO DISMISS COMPLAINT OR TO STAY OR ABATE AND COMPEL ARBITRATION (Doc. No. 10)** |
| **FILED:** | **March 12, 2008** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part and **DENIED** in part.

The Defendant, Newport Bay Corporation ("Newport Bay") is requesting that the Court refer all of the claims in this matter to arbitration and either stay or dismiss this action. The Plaintiffs, Isaac Castro and Misaday Maniero ("Plaintiffs") oppose referring this matter to arbitration and argue that the contract does not require binding arbitration until after closing, and the parties never closed on the

property. This matter was referred to this Court by Order (Doc. 26) entered on August 1, 2008, by the Honorable Marcia Morales Howard, United States District Judge.

**I. Allegations in the Complaint**

The Plaintiffs allege that on July 17, 2005, they entered into a New Home Purchase and Sale Agreement ("Agreement") with the Defendant, Newport Bay Corporation, for the purchase of a single family residence. (Com.[1] ¶ 4, 28). The Property is located in Bonita Springs, Florida. (Com. ¶5). The Plaintiffs paid the Defendant an initial deposit of $3,000.00 and a later deposit of $78,420.00. (Com. ¶27, 32). The Plaintiffs contend that the Defendant made representations that the construction of the home would be completed within fifteen (15) months from the date of the execution of the Agreement. (Com. ¶33). After twenty-seven (27) months, the residence was not completed. (Com. ¶37). The Plaintiffs demanded a refund of their deposit. (Com. ¶38). The Defendant failed to return the Plaintiffs' deposit. (Com. ¶39). The Plaintiffs claim that the Defendant violated the Interstate Land Sales Full Disclosure Act ("ILSA") by failing to register the project with HUD; failing to provide the Plaintiffs with an ILSA Property Report; using advertising or promotional materials that contained inconsistent information that was required to be disclosed in the Property Report; obtaining money by use of untrue statements; and engaging in a transaction, practice of course of business which deceived the Plaintiffs. (Com. ¶40). The Plaintiffs argue that the failure of the Defendant to comply with ILSA renders the Agreement voidable. (Com. ¶42).

The Plaintiffs also contend that the Defendant beached the terms and conditions of the Agreement in various ways including failing to complete construction within fifteen (15) months from the date of execution of the Agreement. (Com. ¶46). The Plaintiffs assert that the Defendant also

---

[1] "Com." refers to the Complaint (Doc. 1).

breached the Agreement by failing to return the Plaintiffs' deposits, and failing to deliver documents required by Florida law and the Agreement. (Com. ¶58, 59). The Plaintiffs also bring a claim for a declaratory decree setting forth their rights. (Com. ¶62-74).

**II. Clauses at Issue**

On July 17, 2005, the Plaintiffs and the Defendant entered into the Agreement. (A copy of the Agreement is attached to the Complaint as Composite Exhibit A). The Agreement contains the following Paragraph relating to arbitration:

> 10. **BINDING ARBITRATION AFTER CLOSING.** It is hereby agreed that all claims, disputes and controversies between Homebuyer and Seller arising from or related to the subject home, identified herein, or to any defect in or to the subject home or the real property on which the subject home is situated, or the sale of the subject home by seller, including but not limited to any claim for breach of contract, negligent or intentional misrepresentation, nondisclosure in the inducement, execution or performance of any contract including this arbitration agreement and breach of any alleged duty of good faith and fair dealing, shall be submitted to binding arbitration by and pursuant to the arbitration provision contained in the most recent edition of the Warranty Booklet, as of the date of the execution of this Agreement. As set forth in the Warranty Booklet, binding arbitration of disputes which arise after the closing will be accomplished pursuant to the rules of Construction Arbitration Services ("CAS") in effect at the time of the request for arbitration. This arbitration agreement shall be governed by the Federal Arbitration Act, to the exclusion of any inconsistent state law. The following matters are excluded from arbitration under this paragraph: (i) foreclosure or other proceedings to enforce a deed of trust, mortgage, or contract for deed, (ii) action for unlawful detainer, (iii) filing or enforcement of a construction lien, (iv) any matter within the jurisdiction of a probate or bankruptcy court, or (v) any action for personal injury or wrongful death. The filing of a judicial action to compel arbitration of any controversy or claim to which the Agreement applies, to enable the recording of a notice of pending action, or to obtain an order of attachment, receivership, injunction, or other provisional remedies shall not constitute a waiver of the right to arbitrate under this paragraph. Buyer and Seller shall bear their own costs and expenses, including attorneys fees, and an equal share of the arbitrators' fees, administrative fees of arbitration, and costs and

> expenses incurred by anyone made a party to an arbitration because of acting as Escrow Agent. Notwithstanding anything in this paragraph to the contrary, to the extent that Seller's Warranty established an alternative dispute resolution procedure, any claim covered by the Seller's Warranty will be determined in accordance with the procedure set forth in the Seller's Warranty and not by this paragraph. This paragraph shall survive the closing and shall not be merged into the deed. **BY INITIALING AT THE END OF THIS PARAGRAPH BUYER AND SELLER ACKNOWLEDGE AND AGREE TO THE FOREGOING PROVISION REGARDING BINDING ARBITRATION.**

(Com. Exhibit A, ¶10).

The second clause at issue relates to the headings for the paragraphs, and provides as follows:

> 25.  **HEADINGS; VARIATIONS**.  The Headings of paragraphs and sub-paragraphs are for reference purposes only, and shall not limit in any way the contents, application or effect thereof.  All pronouns and variations used herein shall refer to the masculine, feminine or neuter and any word used herein shall refer to the singular or plural as required or appropriate to the contexts.  Any reference to a corporation shall refer to its successors or assigns by merger, consolidation or otherwise.

(Com. Exhibit A, ¶25).

### III. Analysis

The Defendant is requesting that the Court refer this action to arbitration. The Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*  Section 2 of the Act provides, in part as follows:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. §2.  Section 2 is a declaration by Congress of the liberal federal policy favoring arbitration agreements. *Senti v. Sanger Works Factory, Inc.*, 2007 WL 1174076, *4 (M.D. Fla. 2007).  Section

3 of the Act requires that upon a motion by a party, the court must stay an action if an action is brought which is referable to arbitration under a written agreement. 9 U.S.C. §3.

Congress mandated a federal policy which favors arbitration agreements. *Senti*, 2007 WL 1174076 at*4 (citing *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 289 (2002)). Therefore, arbitration clauses are generally construed in favor of arbitration. *Id*. (citing, *Mose H. Cone Mem. Hospital v. Mercury Const. Corp*, 460 U.S. 1, 24 (1983) and *Ruby-Collins, Inc. v. City of Huntsville, Ala.*, 748 F.2d 573, 576 (11th Cir. 1984)). The issue of whether the parties agreed to arbitrate is decided by the court and not the arbitrator, unless the agreement clearly provides otherwise. *Senti v. Sanger Works Factory, Inc.*, 2007 WL 1174076 at 4. "Generally, when deciding whether the parties agreed under the FAA to arbitrate a certain matter, courts 'should apply ordinary state-law principles that govern the formation of contracts.'" *Id*. at 5 (quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)). Therefore, the Court must look to Florida law to determine whether the parties entered into an enforceable arbitration agreement. *Id*. (citing *A.I. Trade Finance, Inc. v. Petra International Banking Corp.*, 62 F.3d 1454, 1563 (D.C. Cir. 1995)). Under both Federal and Florida law, a court must consider three factors in ruling on a motion to compel arbitration: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitrate was waived. See, *Seifert v. U.S. Home Corp.*, 750 So.2d 633 (Fla. 1999) and *Florida Farm Bureau Insurance Companies v. Pulte Home Corporation*, 2005 WL 1345779, *3 (M.D. Fla. 2005) (citations omitted). As with Federal law, in Florida, all issues regarding the right to arbitrate under a contract should be resolved in favor of arbitration. *Zager Plumbing, Inc. v. JPI Nat. Const., Inc.* 785 So.2d 660, 662 (Fla. 3d DCA 2001).

In the instant case, the Plaintiffs have not raised an issue as to whether an arbitrable issue exists or whether the right to arbitrate was waived. Rather, the Plaintiffs argue that there is no valid written agreement to arbitrate the issues raised in the Complaint. The Plaintiffs assert that they were fraudulently induced into agreeing to the arbitration provision by the heading "Binding Arbitration After Closing." A closing has not occurred, therefore, the Plaintiffs assert that they should not be required to submit to binding arbitration. Further, the Plaintiffs argue that the contract provision which requires arbitration is unconscionable as the Defendant has greater bargaining power and should not have mislead the Plaintiffs by stating arbitration would occur after closing. The Defendant asserts that the "Headings; Variations" clause clearly indicates that the Headings are for reference purposes only and do not limit the content of the paragraphs.

The Court must refer to Florida law to determine whether an enforceable agreement to arbitrate exists. *Williams v. Eddie Acardi Motor Company*, 2008 WL 686222, *4 (M.D. Fla. 2008) (citing *Senti*, 2007 WL 1174076 at *5). "In Florida, '[a] party has a duty to learn and know the contents of a proposed contract before he signs and delivers it and is presumed to know and understand its contents, terms and conditions.'" *Id*. (quoting *Patricoff v. Home Team Pest Defense*, 2006 WL 890094 at *2 (M.D. Fla. Apr. 3, 2006) (quoting *Sabin v. Lowe's of Fla., Inc.* 404 So.2d 772, 773 (Fla. 5th DCA 1981)). The provision entitled "Headings; Variations" clearly states that all of the headings of the paragraphs are used for reference purposes only and do not limit the contents of the contract. This provision is located directly above the signature of the Plaintiffs in the Agreement. The Plaintiffs are presumed to have read and understood the headings and variations provision and recognized that the headings of the paragraphs do not alter the content of the paragraphs.

The contents of the paragraph concerning arbitration lists the situations where the parties agreed to arbitration   The paragraph provides that all disputes relating to a breach of contract, execution or performance of any contract "shall be submitted to binding arbitration." The Complaint alleges that the Defendant failed to perform on the contract and breached the terms of the contract. Therefore, the provisions of the Complaint fall within the terms of the arbitration clause in the Agreement.

The Plaintiffs also argue that the typeface of the Headings; Variations provision is smaller, this provision is hidden in the Agreement, it is not in bold typeface, it appears in an exhibit to the Agreement, and was not explained to the Plaintiffs. Although the typeface may be smaller and only the heading is in capital letters and bold, the provision is easily readable and located directly above the Plaintiffs' signatures.  This provision is not hidden in the Agreement.  The Court does not find that the Agreement is fraudulent nor unconscionable by including a heading that states "Binding Arbitration After Closing," which applies to situations when the closing has not occurred.

The Plaintiffs also argue that ISLA entitles the Plaintiffs to have a court determine their lawsuit. It is common for parties to agree to choose an alternate dispute resolution to determine their statutory rights. *See, Olle v. Western Avenue Residential, LLC.*, \_\_\_\_ F.Supp.2d \_\_\_\_, 2008 WL 2986478, *5 (D.D.C. Aug. 6, 2008).  Compelling parties to arbitrate their dispute does not cause them to "'forego the substantive rights afforded by the statute[s]; it only submits . . . their resolution in an arbitral, rather than judicial forum.'" *Id*. (quoting *Gilmer v. Interstate/Johnson Lane Corp*., 500 U.S. 20, 26 (1991) (quoting *Mitsubishi Motors Corp.,* 473 U.S. at 628)).

### IV. Conclusion

The Court respectfully recommends that the Motion to Compel Arbitration and Stay or Dismiss Proceedings (Doc. 10) be granted in part and denied in part as follows:

1) The parties be directed to arbitrate this action and notify the Court when the arbitration is completed;

2) This action be stayed pending arbitration and the Court retain jurisdiction to enforce the arbitration award, if any;

3) The motion to dismiss be denied; and

4) The Clerk be directed to administratively close this file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this __4th__ day of September, 2008.

*[signature]*
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record